UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

EVAN PETROS, Individually,                          :
                                                    :
                    Plaintiff,                      :
                                                    :
v.                                                  :     Case No. 1:13-cv-1312
                                                    :
VAIDEHI, INC.                                       :
A Domestic Corporation                              :
                                                    :
                    Defendant.                      :
_____/ :

## **COMPLAINT**

Plaintiff, Evan Petros (hereinafter "Plaintiff"), hereby sues the Defendant, Vaidehi, Inc., a Domestic Corporation (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), and for damages pursuant to the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq. In support thereof, Plaintiff states:

1.      This action is brought by Evan Petros, and all persons similarly situated, pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq., against the owners and/or operators of The Best Western.

2.      This Court has jurisdiction pursuant to the following statutes:

        a.      28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

b.      28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

c.      28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3.      Venue is proper in this judicial district and division. Defendant does business in the State of Michigan, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## **PARTIES**

4.      Plaintiff Evan Petros is a resident of Oakland County, suffers from polio, uses a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104, and MCL 31.1103.

5.      Plaintiff Evan Petros is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

6.      Plaintiff frequently returns to the establishment in order to shop.

7.      Plaintiff Evan Petros is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

8.      Plaintiff Evan Petros, on several occasions, has been to the Best Western, located at 3640 East Cork Street, Kalamazoo, Michigan.

9.      Plaintiff Evan Petros was a patron at the Best Western on August 3, 2013.

10.     The Best Western is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104, and MCL 37.1301.

11.     Defendant owns, leases, leases to, or operates the Best Western and is responsible for complying with the obligations of the ADA and the PDCRA.

## COUNT I

## VIOLATION OF THE ADA

12.     Plaintiff realleges paragraphs one (1)  through eleven (11) of this Complaint and incorporates them here as if set forth in full.

13.     Plaintiff has visited the property which forms the basis of this lawsuit and plans to return the property in June 2014 to avail herself of the goods and services offered to the public at the property.

14.     There are numerous architectural barriers present at the Best Western that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of the Best Western are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

15.     Elements and spaces to which there are barriers to access at the Best Western include, but are not necessarily limited to:

        a.      There are curb ramps that project into the parking access aisles that create a dangerous condition for an individual in a wheelchair.

        b.      There are curb ramps that have uneven surfaces that create a dangerous condition to an individual in a wheelchair.

        c.      There are curb ramps that have excessive changes in levels at the terminus of the ramp, which creates a dangerous condition for an individual in a wheelchair.

        d.      There are doors at the facility that have improper hardware for disabled patrons.

3

e.      There are designated accessible parking spaces that do not have signs located high enough for individuals in a wheelchair.

f.      There is insufficient clear floor space in the public restroom for an individual in a wheelchair to utilize.

g.      There is insufficient knee clearance under the sink in the public restroom for an individual in a wheelchair to utilize.

h.      There are exposed pipes under the sink in the public restroom that create a burning hazard for an individual in a wheelchair.

i.      The storage hook in the public restroom is located too high for an individual in a wheelchair to utilize.

j.      There are guest rooms that do not have the required elements for an individual in a wheelchair to utilize.

k.      There is insufficient clear floor space in the designated accessible guest room for an individual in a wheelchair to access.

l.      The curtain control wand in the designated accessible guest room requires tight grasping to operate.

m.      There are exposed pipes under the sink in the designated accessible guest room that creates a burning hazard for an individual in a wheelchair.

n.      The towels in the designated accessible guest room is located too high for an individual in a wheelchair to utilize.

o.      The customer service counter is located too high for an individual in a wheelchair to utilize.

4

      p.     The dining surfaces at the facility are inaccessible to an individual in a wheelchair.

      q.     There are permanently designated interior spaces without proper signage.

16.    The discriminatory violations described in paragraph 15 of this Complaint were personally encountered by Plaintiff. The Plaintiff, and all other mobility-impaired individuals similarly situated have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendants' buildings and facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

17.    The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, the opportunity to use such elements, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

18.    Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Evan Petros has standing to require that all barriers to access on the property for the mobility-impaired are corrected, not merely only those Evan Petros personally encountered.

19.    Defendants' failure to remove the architectural barriers identified in paragraph fifteen (15) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

20.     It would be readily achievable for the Defendant to remove the architectural barriers identified above.

21.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22.     The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

23.     Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

24.     Evan Petros has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 15 of this Complaint. Plaintiff has reasonable

grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendants.

25.     Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA, unless she is willing to suffer further discrimination.

26.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

28.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II

## VIOLATION OF THE PDCRA

29.     Plaintiff realleges paragraphs one (1)  through twenty-eight (28) of this Complaint and incorporates them here as if set forth in full.

30.     The Defendant has discriminated against Plaintiff by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of a disability, as prohibited by MCL 37.1302.

31.     Plaintiff has desired and attempted to enjoy the goods and services at the Best Western as a customer. She has been prevented from doing so due to the existing architectural barriers at the property. As a result, she has been distressed and inconvenienced thereby, and is entitled to monetary damages for her injuries, as provided for in MCL 37.1606.

32.     As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

**PRAYER FOR RELIEF**

33.     Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and the State of Michigan, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A.     Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, and the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq.*

      i.     by failing to bring the Best Western into compliance with the Standards where it is readily achievable to do so; and

      ii.     by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

8

B.     Order Defendant:

      i.      to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

      ii.      to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities

C.     Award damages to Evan Petros who has been aggrieved and injured by the illegal acts of discrimination committed by Defendant;

D.     Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 and MCL 37.1606.

E.     Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,


By: /s/ Pete M. Monismith
Pete M. Monismith, Esq.
3945 Forbes Ave., #175
Pittsburgh, PA 15213
Ph: 724-610-1881
Fax: 412-258-1309
Pete@monismithlaw.com
PA-84746